UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY DAVIS,

    Petitioner,

    v.

WARDEN,

    Respondent.

CAUSE NO.: 3:17-CV-152-PPS-MGG

OPINION AND ORDER

Anthony Davis, a prisoner without a lawyer, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the prison disciplinary hearing where a disciplinary hearing officer found him guilty of Possession of a Cellular Telephone in violation of Indiana Department of Correction offense code A-121. ECF 2 at 1; ECF 11-3. As a result of the finding of guilt, Davis was docked 100 days credit time and demoted from Credit Class 1 to Credit Class 2, which means that going forward he will accrue good time credits at a slower rate. *Id.*

Davis argues he was denied due process because he requested video and photographic evidence, but none was produced at his hearing. The Respondent argues Davis procedurally defaulted this claim because he failed to pursue it during his administrative appeals as required by 28 U.S.C. § 2254(b). Here is how that process is supposed to work in Indiana:

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we

> held in *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992), the sort of "available State corrective process" (§ 2254(b)(1)(B)(i)) that a prisoner must use. Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority. Moffat sought review by both bodies, but his argument was limited to the contention that the evidence did not support the board's decision. He did not complain to either the warden or the Final Reviewing Authority about the board's sketchy explanation for its decision. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999), holds that to exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the state's supreme court. The Final Reviewing Authority is the administrative equivalent to the state's highest court, so the holding of *Boerckel* implies that when administrative remedies must be exhausted, a legal contention must be presented to each administrative level.

*Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002) (parallel citations omitted). Like Mr. Moffat, during his administrative appeals, Davis only argued the insufficiency of the evidence. ECF 11-4. Because he did not administratively raise a claim that he was denied evidence, this claim is procedurally defaulted.

But let's suppose he did raise this claim administratively. It would still not be a basis for habeas corpus relief. Davis argues that he requested video and photographic evidence. He did not. When he was screened on this charge, he requested, only a "picture of phone." ECF 11-2 at 1. Because he did not request any video, it was not a due process error for the hearing officer to have not reviewed any video for the hearing.

In response to the request for a picture of the phone, the hearing officer contacted the reporting officer and asked, "Can you clarify what happened to the cell phone or send pictures?" ECF 11-3 at 3. In the reply, the officer explained, "Offender Davis rapidly fled from my escort into the offender bathroom (which we were right in front of). Never losing sight of the offender, I witnessed him throw the cellular phone into the

2

toilet (with his right arm) and flush it as I was placing his left arm into the escort position." ECF 11-3 at 4. Consequently, there were no photos of the phone.

Inmates have a right to present relevant, exculpatory evidence in their defense. *Wolff v. McDonnell,* 418 U.S. 539, 566 (1974). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). However, a photo of the phone, if one had existed, would not have been exculpatory. But no photo existed because Davis flushed the phone. It was not a due process error for the haring officer to have not considered evidence which did not exist.

In his other ground for relief, Davis argues there was not sufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted). This is a very modest standard. Here's how the Seventh Circuit has described it:

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although

3

> some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

A Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786. Here, the Conduct Report charged Davis as follows:

> On 10/9/2016 at approximately 9:10 p.m. I Sergeant Drubert, Jon was conducting safety and security rounds on R1-Dorm. During my rounds, I witnessed Offender Davis, Anthony quickly run in a nearby room and attempt to hide behind a bed rack. I ordered Offender Davis to stand up and submit to a pat search in which the offender began standing up. As he stood up. I witnessed him place a cellular phone in the waist of his pants. I ordered the offender to remove his hands out of the front of his pants in which he refused and assaulted me. After wrestling into offender bathroom, I witnessed him throw the cellular phone into a toilet (with his right arm) and flush it as I was placing his left arm into the escort position. His possession of the cell phone triggered his assault on me.

ECF 11-1. This report alone is sufficient to have found Davis guilty because it was written by the officer who saw Davis with a cell phone.

In his traverse, Davis attempts to raise two new claims. However, these claims were not included in his habeas corpus petition as required by Section 2254 Habeas Corpus Rule 2(c)(1) and have therefore not been properly raised. They cannot be a basis for habeas corpus relief because "[h]abeas corpus petitions must meet heightened pleading requirements and comply with this Court's doctrines of procedural default and waiver." *Minniefield v. Lemmon*, 333 F. App'x 131, 132 (7th Cir. 2009) *quoting McFarland v. Scott*, 512 U.S. 849, 856 (1994). Nevertheless, even if the arguments had

4

been properly raised in his petition, they would both be procedurally defaulted because they were not raised during his administrative appeals. *See Moffat*, 288 F.3d at 981-82.

For these reasons, the habeas corpus petition (ECF 2) is DENIED. The Clerk is directed to CLOSE this case. The Clerk is DIRECTED to edit the docket changing the respondent to Warden pursuant to Indiana Code 11-8-2-7.

SO ORDERED.

ENTERED: November 16, 2018

                                            /s/    Philip P. Simon
                                            PHILIP P. SIMON, JUDGE
                                            UNITED STATES DISTRICT COURT